court's attention was called to the fact that such holder was a proper party was when a demurrer was filed by the defendant owners setting up the fact that such holder had an incumbrance, and, such holder, upon entering his appearance in the action failed to claim the rights to a lien as referred to in the demurrer but suffered a judgment by default to go against him.

## Matilda M. Yackel et al., Appellees, v. Stanard-Tilton Milling Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed July 21, 1915.

### Statement of the Case.

Action by George Yackel, Helen Yackel, Elmer Yackel, Constance Yackel, Adolphus Yackel, Walter Yackel and Ralph Yackel, minors, by their next friend, Matilda M. Yackel, against the Stanard-Tilton Milling Company, to recover damages for injuries sustained by reason of defendant's building settling, tipping over and injuring plaintiff's building because of the negligent construction of an elevator. From a judgment for plaintiffs, defendant appeals.

It was held, in affirming the judgment, that the case was controlled by the decision in *Starr v. Stanard-Tilton Milling Co.*, 183 Ill. App. 454, which was a suit against the same defendant, involving substantially the same questions of law and fact.

LEVI DAVIS, for appellant.

JAMES A. LYNN and E. BREESE GLASS, for appellees.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.